**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2239**

SCOTT R. WITZKE,

        Plaintiff - Appellant,

    v.

PEPSI BOTTLING VENTURES, LLC,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:17-cv-00651-RDB)

Submitted:  April 30, 2019               Decided:  July 1, 2019

Before AGEE and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Luke A. Rommel, ROMMEL & ASSOCIATES, LLC, Salisbury, Maryland, for Appellant.  Zebulon D. Anderson, SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P., Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott R. Witzke appeals the district court's order granting Pepsi Bottling Ventures, LLC, ("PBV") summary judgment on Witzke's age discrimination claims brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621-634 (West 2018). Witzke asserts on appeal that he presented sufficient evidence of direct discrimination to defeat PBV's motion for summary judgment. He also argues that he established a prima facie case of age discrimination and showed that PBV's proffered reason for his termination was a pretext for discrimination. We discern no reversible error and affirm the district court's order.

We "review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015) (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, we "view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id*. at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v.*

2

*Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

"The ADEA prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age 'because of' the person's age." *E.E.O.C. v. Baltimore Cty.*, 747 F.3d 267, 272 (4th Cir. 2014). To demonstrate a claim of age discrimination under the ADEA, a plaintiff must either provide direct evidence of discrimination or demonstrate a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-02, (1973); *see also Mereish v. Walker*, 359 F.3d 330, 333-35 (4th Cir. 2004) (applying *McDonnell Douglas* framework to ADEA claims). Regardless of which theory the plaintiff pursues, he must establish by a preponderance of the evidence "that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 178 (2009).

To establish a prima facie case of age discrimination, a plaintiff must show that "(1) he is a member of a protected class, (2) he suffered an adverse employment action (such as discharge), (3) he was performing his job duties at a level that met the employer's legitimate expectations at the time of the adverse employment action, and (4) his position remained open or was filled by a similarly qualified applicant outside the protected class." *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006). If the plaintiff makes this showing, "[t]he burden of production then shifts to the employer to . . . provide some legitimate, nondiscriminatory reason for the adverse employment action." *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016) (internal quotation

3

marks omitted). If the employer satisfies this requirement, "the plaintiff resumes the burden of persuading the factfinder that the employer's proffered explanation is merely a pretext for discrimination." *Id.* The plaintiff can prove pretext by showing that the defendant's "explanation is unworthy of credence or by offering other forms of circumstantial evidence sufficiently probative of age discrimination." *Mereish*, 359 F.3d at 336 (internal quotation marks omitted).

We agree with the district court that Witzke fails to show evidence of direct discrimination and fails to satisfy his prima facie case under *McDonnell Douglas*. We further agree with the district court that, even assuming *arguendo* that Witzke can demonstrate that he was meeting PBV's legitimate expectations at the time of his termination, he fails to show that PBV's proffered reason was pretextual.

Accordingly, we affirm the district court's grant of summary judgment to PBV. We grant PBV's motion to decide this appeal without oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*